**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS DOMINGUEZ RODRIGUEZ, AKA Jose Luis Dominguez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-72434 <br><br> Agency No. A205-313-318 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Jose Luis Dominguez Rodriguez, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his applications for

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

In his opening brief, Dominguez Rodriguez does not challenge the BIA's determination that he waived any challenge to the IJ's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). He also does not challenge the agency's denial of cancellation of removal. *See id.* Thus, we deny the petition for review as to relief under CAT and cancellation of removal.

The agency did not err in finding Dominguez Rodriguez failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053,

1059-60 (9th Cir. 2019) (finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group). To the extent Dominguez Rodriguez raises a new proposed social group in his opening brief, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the BIA's determination that Dominguez Rodriguez otherwise failed to establish that the harm he fears in Mexico would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). The BIA did not abuse its discretion in declining to remand under *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017). *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (BIA's denial of a motion to remand reviewed for abuse of discretion); *see also Barajas-Romero*, 846 F.3d at 360 (discussing *Zetino v. Holder*, 622 F.3d 1007 (9th Cir. 2010) having drawn no distinction between the "one central reason" and "a reason" standards where there was no nexus at all to a protected ground).

Thus, Dominguez Rodriguez's withholding of removal claim fails.

Dominguez Rodriguez's requests, raised in his opening brief, to remand for

the production of further evidence and to grant withholding of removal are denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**